NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 27 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NORTHLAND CASUALTY COMPANY, a Connecticut corporation,

Plaintiff-Appellee,

v.

NORTHWEST LOG HOMES, LLC; DUANE KEIM,

Defendants-Appellants,

JOSEPH S. MULROY, DBA Yorlum Ranch, DBA Yorlum Ranch, Ltd.,

Defendant-cross-claim-3rd-party-plaintiff-Appellant.

No. 16-35731

D.C. No. 9:13-cv-00232-DLC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, Chief Judge, Presiding

Argued and Submitted February 6, 2018
Seattle, Washington

Before: FISHER, GOULD, and PAEZ, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

In 2006, Joseph Mulroy hired Duane Keim and Keim's company, Northwest Log Homes ("Northwest"), to build him the shell of a log home and to remodel parts of his guest house. Keim purchased standing spruce logs from a log broker in Striker, Montana for the project. Unbeknownst to Keim, however, there were powder post beetles and larvae inside the logs. Unfortunately, Keim did not treat the logs with insecticide before using them for Mulroy's project. As a result, the insects grew and matured, and started to make their way around Mulroy's home. Mulroy first became aware of the infestation a year or two after construction was completed, when the powder post beetles began to bore out of the logs. At that point, the beetles had completely infested the logs, and removing them was estimated to cost upwards of $200,000.

Mulroy filed suit in state court against Keim and Northwest for damages associated with the beetle infestation. Keim and Northwest had a commercial general liability insurance policy (the "Policy") with Northland Casualty Company ("Northland"), and sought coverage from Northland for the damages caused by the powder post beetles. Northland declined coverage, but agreed to defend Keim and Northwest under a reservation of rights. Later, without Northland's consent, Keim and Northwest entered into a settlement agreement with Mulroy in the state court action, under which they admitted liability and assigned their claims against Northland to Mulroy.

While the state court action was proceeding, Northland filed this case in federal court, seeking a declaratory judgment that it had no obligation to indemnify Keim and Northwest. Mulroy counterclaimed. Both Northland and Mulroy moved for summary judgment. The district court granted summary judgment to Northland and denied a subsequent motion for reconsideration.

The basis for the district court's grant of summary judgment to Northland was the Policy's restriction on coverage to instances where there had been an "occurrence," which was defined as an accident. The district court concluded that Keim had made an intentional choice not to treat the logs, and thus there had been no accident. Mulroy, Keim, and Northwest appealed.

Under Montana law, an event is an occurrence or accident unless the act causing the event "was intentional" and "the consequence or resulting harm stemming from the act was [objectively] intended or expected from the actor's standpoint." *Emp'rs Mut. Cas. Co. v. Fisher Builders, Inc.*, 371 P.3d 375, 378 (Mont. 2016). There are material disputes of fact both as to whether Keim knew about the industry practice of treating logs with insecticide and consciously chose not to treat the logs and as to whether the beetle infestation should have been reasonably expected. For these reasons, we conclude that the district court erred by granting summary judgment for Northland on these questions. We therefore reverse the district court's ruling that there was no occurrence.

3

Northland argues that even if the beetle infestation was an "occurrence," one of the Policy's exclusions applies to preclude coverage. Northland also contends that even if there was coverage initially, it was relieved of any coverage obligations under the Policy when Keim and Northwest entered into a settlement without Northland's consent. We remand for the district court to consider in the first instance Northland's argument that assuming coverage existed initially, such coverage was lost when the settlement was made without Northland's consent. The district court should also consider in the first instance whether any of the Policy's exclusions bar coverage, if it is determined that coverage otherwise existed.

**REVERSED in part; VACATED in part; and REMANDED.**